# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUELA B.H.,[1]<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents.<br>_______________________/ | Case No. 1:26-cv-01299-KES-EGC (HC)<br><br>**FINDINGS AND RECOMMENDATIONS THAT THE COURT GRANT IN PART PETITIONER'S MOTION FOR ATTORNEY'S FEES PURSUANT TO EAJA**<br><br>(Doc. 1)<br><br>FOURTEEN-DAY DEADLINE |

Petitioner Manuela B.H. ("Petitioner"), formerly a federal detainee proceeding by counsel, initiated this action with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Pending before the Court is the motion of Petitioner's counsel for the award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 1). Respondents Christopher Chestnut, Orestes Cruz, Kristi Noem, and Todd M. Lyons (collectively "Respondents") did not file an opposition. (*See* Docket). Respondents' failure to file an opposition is construed by this Court as non-opposition to the motion. *See* E.D. Cal. L. R. 230(c).

This motion was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1). For the reasons set forth below, the undersigned recommends that Petitioner's motion for EAJA fees be granted in part.

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only their first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. BACKGROUND

Following the parties' briefing on the merits of Petitioner's petition, on May 5, 2026, the Court granted the petition and ordered that Respondents release Petitioner immediately, adopting the assigned magistrate judges finding that Petitioner had a protected liberty interest and that due process requires a pre-deprivation hearing. (Doc. 11). Judgment for Petitioner was entered thereafter. (Doc. 12).

## II. LEGAL STANDARD

The EAJA provides for an award of attorney's fees and costs to private litigants who prevail "in any civil action (other than cases sounding in tort)" against the United States and timely file a petition for fees. 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, a court shall award attorney's fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust." 28 U.S.C. § 2412(d)(1)(A).

## III. ANALYSIS

Petitioner argues: (1) they are a prevailing party, (2) the government's position was not substantially justified, and (3) no special circumstances make an award unjust. (Doc. 14 at 4– 8). As such, Petitioner requests $13,168.75 in attorney's fees.

Petitioner specifically argues they are a prevailing party because the Court granted Petitioner's habeas petition. (Doc. 14 at 5).

The Court agrees with Petitioner that they are a prevailing party. *Carbonell v. I.N.S.*, 429 F.3d 894, 902 (9th Cir. 2005) (holding a petitioner was a prevailing party in a civil habeas petition action even when the petitioner did not obtain final judgment but the district court entered a voluntary stipulation in the petitioner's favor); *see also Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1030 (9th Cir. 2009) (holding that a material alteration in the relationship between the parties such as the plaintiff receiving at least some relief on the merits of his claim qualifies him as a prevailing party).

As to whether the government's position was substantially justified, Petitioner specifically argues the government "repeatedly failed to address the adverse factors in *Mathews v. Eldridge,* 424 U.S. 319, 334–35 (1976). (Doc. 14 at 6). Respondents did not oppose Petitioner's motion, thus, to

the extent Respondents disagree with Petitioner's argument, the Court finds Respondents fail to meet their burden that their position was substantially justified. *See Flores v. Shalala*, 49 F.3d 562, 569–570 (9th Cir. 1995) (holding the burden is on the government to establish substantial justification for its position).

Finally, Respondents failure to oppose the motion means that they have similarly failed to meet their burden to establish special circumstances that would make the award of fees unjust. *McKenzie v. Astrue*, No. 1:10CV02036 AWI DLB, 2012 WL 1345756, at *1 (E.D. Cal. Apr. 16, 2012). Therefore, the undersigned finds that Petitioner is entitled to EAJA fees.

Where a Petitioner is entitled to an award, a court sets reasonable attorney fees by the lodestar calculation, which multiplies the reasonable hourly rate by the reasonable number of hours expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). EAJA caps attorney fees at $125 per hour, adjusted for inflation, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Three elements must be met to satisfy this requirement: (1) counsel possesses "distinctive knowledge" and "specialized skills"; (2) the knowledge or skills were "needful to the litigation in question"; and (3) competent counsel was "not available elsewhere at the statutory rate." *Nadarajah v. Holder*, 569 F.3d 906, 912–15 (9th Cir. 2009).

Petitioner requests an enhanced rate of $525 per hour for attorney time. Petitioner contends the enhanced rate above the statutory cap of $125 per hour and the Ninth Circuit maximum of $258 per hour is appropriate based on the "limited availability of qualified attorneys for the proceedings involved" and "distinctive knowledge or specialized skill" pursuant to *Pierce v. Underwood*, 487 U.S. 552, 572 (1988). Specifically, Petitioner argues that "this case required distinctive knowledge of the intersection between the Fifth Amendment Due Process Clause and specific immigration detention statutes," that "[s]pecialized skill was necessary to demonstrate that the damage to the GPS device lacked the 'willful intent' required under 18 U.S.C. § 1361," and that "comparable counsel within this area of specific expertise in immigration-habeas litigation is not and was not available in the Eastern District of California at the standard statutory cap rates." (Doc. 14-2 at 2).

Given that Respondents have offered no arguments in response to Petitioner's fee request generally, nor Petitioner's request for an enhanced rate, the undersigned recommends awarding the fees requested at the requested hourly rate for the time documented as expended by Petitioner's attorney. *See Blum v. Stenson*, 465 U.S. 886, 892 n.5 (1984) ("We decline to consider petitioner's further argument that the hours charged by respondents' counsel were unreasonable. As noted above, petitioner failed to submit to the District Court any evidence challenging the accuracy and reasonableness of the hours charged.").

Petitioner's counsel submits a declaration setting forth his qualifications, the amount of time expended in this case, as well as an itemized list of that time. (Doc 14-1). The list is divided between work performed by "Attorney" and "Staff." (*Id.* at 2–4). According to the list, the attorney expended 15.95 hours on the case and staff on the matter expended 27.4 hours, for a total of 43.35 hours. (*Id.*). However, the declaration does not set forth the qualifications of the time attributed to "Staff." Therefore, the undersigned finds Petitioner has not sufficiently demonstrated the reasonableness of the rate for "Staff" in the Eastern District or otherwise explained the staff's credentials, including job title, experience, or certifications. (*See generally* Doc. 14-1). Absent sufficient information in the record regarding the staff's credentials, the undersigned cannot determine a reasonable hourly rate. Accordingly, based on the state of the record, the undersigned recommends declining to assign an hourly rate for the staff and recommends not awarding any fees based on hours attributable to their work. *See Ovesepyan v. Mercedes-Benz USA*, LLC, No. 221CV01410FWSAFM, 2023 WL 8586384, at *3 (C.D. Cal. Mar. 17, 2023)

Therefore, the undersigned recommends awarding fees in the amount of $8,373.75 for 15.95 hours of attorney work at the rate of $525 per hour.

## IV. CONCLUSION

For the foregoing reasons, it is HEREBY RECOMMENDED:

1. Petitioner's motion for the award of attorneys' fees, (Doc. 1), be GRANTED IN PART;
2. Respondents be ordered to remit to counsel for Petitioner attorney's fees in the amount of $8,373.75; and

3. This award be made payable to Petitioner, but if the Department of the Treasury determines that Petitioner does not owe a federal debt, then Respondents shall cause the payment of attorneys' fees and expenses to be made directly to Petitioner's counsel.

These Findings and Recommendations will be submitted to the assigned United States District Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(l)(B). Within fourteen (14) days after being served with these Findings and Recommendation, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 12, 2026**

Erin Sng Castillo
UNITED STATES MAGISTRATE JUDGE